```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF PUERTO RICO

_____
                                )
KRESS STORES OF PUERTO RICO, INC.,)
ANTONIO BAYÓN and ELBA CASIANO   )
d/b/a TIENDA JUNELBA, J. PICA Y  )
CÍA, INC. d/b/a CAPRI, J.M.J.    )
APPLIANCES CORP., VALIJA         )
GITANA, INC., and HUMBERTO VIDAL,)
INC.,                            )
                                 )
                    Plaintiffs,  )
          v.                     )    CIVIL ACTION
                                 )    NO. 20-01464-WGY
WAL-MART PUERTO RICO, INC.,      )
COSTCO WHOLESALE CORPORATION,    )
WALGREEN OF PUERTO RICO, INC.,   )
PUERTO RICO CVS PHARMACY, LLC,   )
                                 )
                    Defendants.  )
_____)

YOUNG, D.J.[1]                                  December 1, 2021
```

**MEMORANDUM OF DECISION**

## I. INTRODUCTION

The plaintiffs Kress Stores of Puerto Rico, Inc. and other Puerto Rican merchants (collectively, the "Local Merchants") filed this action in the Commonwealth of Puerto Rico Court of First Instance, alleging unfair competition against the defendants Wal-Mart Puerto Rico, Inc., Costco Wholesale Corporation, Walgreen of Puerto Rico, Inc., and Puerto Rico CVS Pharmacy, LLC (collectively, the "Megastores"). Following the

---

[1] Of the District of Massachusetts, sitting by designation.

[1]

Megastores' removal to this Court, the Local Merchants moved to remand, arguing that the "Home State Exception" and the "Local Controversy Exception" to the Class Action Fairness Act of 2005 ("CAFA") strip this Court of subject-matter jurisdiction. See Mot. Remand 2, 6, ECF No. 107.  The Court denied this motion, ruling that none of the CAFA exceptions apply.  See July 9, 2021 Mem. Decision ("Kress I") 4-12, ECF No. 161.

On June 24, 2021, the Local Merchants filed a motion to certify a class comprised of "local merchants who . . . refrained from operating and/or from selling items that were not of first necessity or nonessential in nature, as required by the Executive Orders . . . ."  Mot. Class Certification 3 ("Mot. Certify"), ECF No. 153.  On November 4, 2021, this Court held oral argument on the Local Merchants' motion to certify.  See November 4, 2021 Minute Order, ECF No. 224.  When arguments concluded, this Court denied the Local Merchants' motion to certify.  See id.  This memorandum of decision explains the Court's reasoning.

## II. BACKGROUND

### A. Facts Alleged

This Court assumes familiarity with the relevant facts of this case, as they were stated in this Court's previous order regarding the Local Merchants motion for remand, issued on July 9, 2021.  See Kress I 2-4.

[2]

**B.   Procedural History**

On August 6, 2020, the Local Merchants, by themselves and on behalf of a putative class, filed a complaint against the Megastores in the Commonwealth of Puerto Rico Court of First Instance.  Notice Removal, Ex. 1, Class Action Compl., ECF No. 1-1.  On August 19, 2020, the Local Merchants amended their complaint.  See Notice Removal, Ex. 3, Am. Class Action Compl. ("Compl."), ECF No. 1-3.

On September 8, 2020, defendant Costco Wholesale Corporation ("Costco") removed the case to this Court, see Notice Removal, ECF No. 1, and moved to sever, see Mot. Sever, ECF No. 3.  In response, the Local Merchants moved to remand.  See Mot. Remand.  On December 2, 2020, the Megastores moved to dismiss.  See Mot. Dismiss Am. Compl., ECF No. 45.  The parties have fully briefed both motions.  See Opp'n Defs.' Joint Mot. Dismiss, ECF No. 59; Reply Br. Supp. Mot. Dismiss, ECF No. 64; Surreply Supp. Opp'n. Mot. Dismiss, ECF No. 73.  On April 22, 2021, the Court denied the Local Merchants' motion to remand and took the motion to dismiss under advisement.  See April 22, 2021 Minute Order, ECF No. 123.  On May 3, 2021, this Court entered an order granting in part and denying in part the Megastores' motion to dismiss.  See May 3, 2021 Order, ECF No. 116; Kress I.

On June 24, 2021, the Local Merchants filed a motion to certify a class.  See Mot. Certify.  On July 8, 2021, the

Megastores submitted a response in opposition to the motion to certify.  See Defs.' Opp'n Pls.' Mot. Class Certification ("Response"), ECF. No 157.

### III. MOTION TO CERTIFY

**A. Legal Framework**

"To satisfy CAFA's definition of a class action, a case need only be 'filed under' either Federal Rule of Civil Procedure 23 or some state-law analogue of that rule." College of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co., 585 F.3d 33, 39-40 (1st Cir. 2009) (emphasis in original); see also 28 U.S.C. § 1332(d)(1)(B).  A plaintiff who seeks to certify a class under Federal Rule of Civil Procedure 23(a), must demonstrate that

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a) (emphasis added).

"Rule 23 does not set forth a mere pleading standard.  A party seeking class certification must affirmatively demonstrate his compliance with the Rule -- that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011) (emphasis in original).

Accordingly, class certification determination often overlaps with considerations of factual and legal issues comprising the plaintiff's underlying claim.  Comcast Corp. v. Behrend, 569 U.S. 27, 28 (2013).

Once subsection 23(a)'s prerequisites are satisfied, the plaintiff must then demonstrate that the proposed class action fits into one of the three categories set forth under Rule 23(b) to be maintained.  Fed. R. Civ. P. 23(b); see also In re TJX Cos. Retail Sec. Breach Litig., 246 F.R.D. 389, 392 (D. Mass. 2007) (citing Smilow v. Sw. Bell Mobile Sys., Inc., 323 F.3d 32, 38 (1st Cir. 2003)).  Here, the Local Merchants argue that their class falls under subsection (b)(1) and (3) or that, "prosecuting separate actions" would create risk of "inconsistent or varying adjudications" and "questions of law or fact common to class members predominate over any questions affecting only individual members."  See Mot. Certify 12; Fed. R. Civ. P. 23(b)(1)-(3).

The first question before this Court at the November 4, 2021 hearing, therefore, was whether the Local Merchants have sufficiently established each and every prerequisite set forth by Rule 23(a).  The Court answered this question in the negative, see November 4, 2021 Minute Order, because the Local Merchants failed to establish that there is a question of law or fact common to all members.  Accordingly, the Court ruled that

the Local Merchants have failed to establish a proper class under subsection 23(a).

The second question was whether the Local Merchants could satisfy CAFA's definition of class action by filing it under a state statute that is "similar" to subsection 23(a).  See 28 U.S.C. § 1332(d)(1)(B).  The applicable state law rule in Puerto Rico is Rule 20.1 of the Puerto Rico Rules of Civil Procedure, which has language identical to the Federal Rule of Civil Procedure 23(a).  See P.R. Laws Ann., tit. 32A app. V, R. 20. 1.  While this law is "substantially" similar to Federal Rule of Civil Procedure 23(a), Cuadrado Carrion v. Romero Barcelo, 20 P.R. Offic. Trans. 455, 466-67 (1988), the Local Merchants not only failed to "plainly invoke[]" the state rule in their complaint, College of Dental Surgeons, 585 F.3d at 40, but also did not meet the requirements of the state law rule for the same reasons they failed to meet the requirements of 23(a).
 Thus, the Local Merchants' motion to certify is DENIED.

### B. Analysis

Under the commonality prerequisite, the plaintiff must demonstrate that the class members have suffered "the same injury."  General Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 156 (1982).  The plaintiff cannot overcome this hurdle "merely" by establishing that the proposed class members "have all suffered

a violation of the same provision of law." Wal-Mart Stores, Inc., 564 U.S. at 350. The Supreme Court has ruled that

> what matters to class certification . . . is not the raising of common "questions" -- even in droves -- but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.

Id. (emphasis in original) (quoting Richard A. Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L. Rev. 97, 132 (2009)). With these principles in mind, the Court ruled that the Local Merchants have not sufficiently established that the proposed class members share a common question of law or fact, have not suffered "the same injury," and possess too many dissimilarities, which will impede the generation of common answers.

The Local Merchants strongly emphasized that the common questions before the Court were "(1) whether the Executive Orders prohibited the Megastores from selling nonessential items; and (2) whether the Megastores sold articles that were nonessential during the decree of [the] Executive Orders." Mot. Certify 6. They specifically asserted that "[b]oth questions, of law and fact, can each be answered either 'yes' or 'no' for the entire class and the answers will not vary by individual class member." Id. (quotations omitted). While this may be true, the Local Merchants neglected a third issue that ought be

[7]

addressed: whether the putative class members were harmed <u>because of</u> the Megastores' conduct or, in other words, whether there is a causal connection between the Megastores' conduct and the injuries actually suffered by the putative class members. The Local Merchants contend that "[w]hile the Defendant megastores and chain pharmacies were profiting in the millions through their intentional violation of the Executive Order[s], the Local Merchants, abiding by the law, observed the unfair competition as their businesses plummeted and their employees became impoverished."  Compl. ¶ 53.  They also argue that had the Megastores avoided selling non-essential items until the Executive Orders were lifted, "there would have been fair competition among all of the market participants."  <u>Id.</u> ¶ 58.

To sustain this argument, the Local Merchants must demonstrate that the customers who purchased goods from the Megastores during the pendency of the Executive Orders, would have otherwise waited and purchased these goods from the Local Merchants instead.  Nothing in the Local Merchants' pleadings is sufficient to sustain this argument.  On the contrary, there are major dissimilarities among the putative class members that prevent establishing a causal connection and, accordingly, the commonality prerequisite.  This Court, therefore, will first discuss the absence of common questions of fact and then discuss the dearth of common questions of law.

First, there are not common questions of fact among the class members. The different putative class members are distinguishable by the wide range of services and merchandise being offered which include sprinklers, auto parts, liquor, toys, painting services, legal services, restaurants, and dry cleaners. Mot. Certify, Ex. 5, Active Members Dec. 31, 2020 ("Active Members List"), ECF No. 153-5. It follows that each putative member could not have been harmed by the allegedly prohibited sales of each Megastore because, among other reasons, they do not sell the same merchandise. For instance, a local restaurant could not have been financially injured by CVS or Wal-Mart, which sold non-essential items because they do not compete for the same customers. Additionally, co-defendant Costco requires a membership to shop in its stores, Response 8, a fact that might cause its members to shop at Costco, regardless of whether it carries non-essential items. Moreover, the proximate location of each putative member in relation to each Megastore might also affect the alleged injury. The Local Merchants argue that the commonality test "is easy to meet, since it does not require that <u>all</u> issues be common to the class," Mot. Certify 5 (quotations omitted), however, "[i]t is not every common question that will suffice," <u>Sprague</u> v. <u>Gen. Motors Corp.</u>, 133 F.3d 388, 397 (6th Cir. 1998) ("[A]t a sufficiently abstract level of generalization, almost any set of

[9]

claims can be said to display commonality. What we are looking for is a common issue the resolution of which will advance the litigation.").

Where, as here, the members of the putative class are so dissimilar in their surrounding circumstances, there are no common questions of fact capable of generating common answers. See Raposo v. Garelick Farms, LLC, 293 F.R.D. 52, 56 (D. Mass. 2013) (Gorton, J.). This was the approach Judge Gorton adopted in a case involving truck drivers who brought putative class action against their former employer, alleging they were owed compensation for unpaid meal breaks. See id. at 53, 56-58. There, the plaintiffs' main claim was that the employer's "system wide policy" of automatically deducting 30 minutes of time from all drivers' timecards for mandatory, unpaid meal breaks satisfied the commonality requirement. Id. at 56. Judge Gorton rejected that argument, on the basis that the drivers differed in several significant circumstances -- not all drivers worked through their meal breaks, and among drivers who did actually work through their breaks, some of them did so to "skip their meal break in order to go home early," and some of them "simply chose not to take the break." Id.

Additionally, several other district courts have declined to certify classes on similar grounds. For example, in Ohio, a motion to certify a class brought by female employees alleging

[10]

sex discrimination and retaliation against their employer was denied because "[g]iven the variations in the frequency and the severity of the behavior to which different female workers were subjected, the Court must conclude that commonality is lacking." Elkins v. American Showa Inc., 219 F.R.D. 414, 424 (S.D. Ohio 2002). The court explained that

> [s]ome individuals may be able to establish a hostile environment with respect to the area of the plant in which they worked which was created by the particular co-workers and/or supervisors with whom they worked on their particular shifts. Other individuals on different shifts who worked with different co-workers and supervisors may not have been subjected to a hostile work environment even within the same area of the plant. Thus, plaintiffs have not established that there is a common question of fact . . . .

Id.

In a Nebraska case, involving former and current foster children, alleging that the state's implementation of child welfare system violated their civil rights, the court denied certification of a class for a lack of commonality, finding that

> [t]he circumstances of each child in [Health and Human Services] custody remain a paramount consideration. The members of the putative class are highly diverse in terms of needs to be met and services to be provided by HHS. The plaintiffs' allegation of "systemic" violations does not create a common issue of fact within this purported class.

Carson P. ex rel. Foreman v. Heineman, 240 F.R.D. 456, 508 (D. Neb. 2007).

Finally, in New York, a buyer of telecommunications equipment sued the seller and sought to certify a class of consumers who over a ten-year period purchased enumerated telecommunications equipment from that seller, which contained defects related to processing of dates. See Lewis Tree Serv., Inc. v. Lucent Techs. Inc., 211 F.R.D. 228, 229 (S.D.N.Y. 2002). The court there denied the motion for class certification, holding that

> [plaintiff] has failed to present evidence that a common factual nexus exists among the purported class. Consumers purchased one of sixty or more different products, each of which had multiple versions and applications. [Plaintiff] has not alleged that these products, and their multiple versions, were similar in any respect, beyond the fact that they all purportedly contained [date processing] defects and were telecommunications products. Each of these systems and products had different capabilities, functions and often, vastly different consumers. The effect of [date processing] defects on each of these products has not been explained to be similar in any respect.

Id. at 232.

Therefore, as has been established by several courts, within and outside the First Circuit, no common questions of fact exist when the surrounding circumstances and facts relevant to each class member differ widely.

Second, there are not common questions of law for the putative class. At the November 4, 2021 hearing, this Court ruled that the resolution of a "common" legal issue here was dependent on factual determinations that would differ for each

[12]

putative class plaintiff, and thus, that a common issue of law did not exist for the purposes of Rule 23(a)(2). The Local Merchants seek to certify a class of 9,000 businesses[2] in Puerto Rico that "refrained from operating and/or from selling items that were not of first necessity or essential in nature, as required by the Executive Order[s] . . . ." Mot. Certify 3, 12-13.

Common questions of law do not exist, however, "merely" because putative class members "have all suffered a violation of the same provision of law," or in this case, a violation of the same Executive Order. See Wal-Mart Stores, Inc., 564 U.S. at 350. Where broad legal claims are bound together by "wide-ranging" factual allegations, neither common questions of law nor fact exist. See Puerto Rico Coll. of Dental Surgeons v. Triple S Mgmt. Inc., 290 F.R.D. 19, 27 (D.P.R. 2013) (Fusté, J.) (holding that plaintiffs' "long and varied list" of allegations, regarding violations that buttressed their breach of contract claim, were not sufficient to establish common questions of law or fact); see also Alexander v. Gino's, Inc., 621 F.2d 71, 74

---

[2] The exact number of putative class members the Local Merchants seek to certify is unclear. In their motion to certify they argue that it is impracticable to join "more than 9,000 members" in a non-class action suit, Mot. Certify 13, whereas the list of active members that was filed as an exhibit to their motion to certify lists 3,581 active members, see generally Active Members List.

(3d Cir. 1980) (affirming the district court's holding that "the facts of each case were too particularized" and thus "that the plaintiff had failed to show that there were common issues of law or fact within the meaning of rule 23(a)(2)"); Perez v. Gov't of Virgin Islands, 109 F.R.D. 384, 387 (D.V.I. 1986) (explaining that for common questions of law to exist, class members "must show that they share a similar question of law with respect to their individual recoveries").  This problem is precisely what precludes class certification here: whether the Local Merchants were the victims of a tort, unjust enrichment, or entitled to recover in equity -- the claims brought by the Local Merchants, see Compl. ¶¶ 60, 68, 79, -- depends on individualized inquiries regarding the fairness of commercial acts as to very different kinds of businesses.  The Local Merchants have not proposed a common question of law simply by raising claims that are applicable to the injuries all the Local Merchants have suffered.

Therefore, the Court held that the Local Merchants had failed to demonstrate a question of fact or law common to all putative members as required by subsection 23(a).

Finally, as mentioned above, the other path to satisfy CAFA's definition of a putative class is for the action to be filed under a state statute that is "similar" to Rule 23.  28 U.S.C. § 1332(d)(1)(B).  The Local Merchants, however, similarly

do not satisfy this path for meeting CAFA's requirements for two reasons.

First, the Local Merchants' action was not "filed under" a state statute that is similar to subsection 23(a).  See generally Compl.; see also College of Dental Surgeons, 585 F.3d at 39-40.  The Local Merchants have failed to "plainly invoke[]" an analogous Puerto Rico statute in their complaint.  See generally Compl.; see also College of Dental Surgeons, 585 F.3d at 40.  Rather, their action cites (1) Article 1802 of the Puerto Rico Civil Code; (2) unjust enrichment; and (3) equity.  See Compl. ¶¶ 60, 68, 79.  Article 1802 of the Puerto Rico Civil Code governs Puerto Rico's tort liability rules, see Benito-Hernando v. Gavilanes, 849 F. Supp. 136, 140 (D.P.R. 1994) (Fusté, J.), whereas unjust enrichment and equity are general principles of jurisprudence in Puerto Rico, see Westernbank P.R. v. Kachkar, Civil No. 07-1606 (ADC/BJM), 2009 WL 6337949, at *29 (D.P.R. Dec. 10, 2009) (McGivern, M.J.); see also P.R. Laws Ann. tit. 31, § 7.

Second, even if their action was properly filed under Puerto Rico's class action statute, the Local Merchants would have still failed to meet the statutory requirements for class certification.  "Rule 20 regulates the requirements for class actions (Rule 20.1)" and its text "substantially corresponds to

Federal Civil Procedure Rule 23." <u>Cuadrado Carrion</u>, 20 P.R. Offic. Trans. at 466-67.  Specifically, Rule 20.1 provides that

> [o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> > (1) the class is so numerous that joinder of all members is impracticable,
> > (2) there are questions of law or fact common to the class,
> > (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> > (4) the representative parties will fairly and adequately protect the interests of the class.

P.R. Laws Ann. tit. 32, app. V, R. 20.1 ("Rule 20.1").

Rule 20.1 is identical to Rule 23(a) and sets forth the same four prerequisites of numerosity, commonality, typicality and adequacy.  <u>Id.</u>; <u>see also</u> Fed. R. Civ. P. 23(a).  It follows that since the Local Merchants have failed to satisfy the commonality requirement under Rule 23, they have likewise failed to establish it under Rule 20.1.  Because the questions essential to the determination of the Local Merchants' claims are not subject to class wide resolution, the Local Merchants' proposed class fails to satisfy the commonality requirement of Federal Rule of Civil Procedure 23(a).  Since a class must satisfy all four requirements of Federal Rule of Civil Procedure 23(a) to be certified, class certification was DENIED.

## IV. CONCLUSION

For the foregoing reasons, this Court DENIED the Local Merchants' motion to certify, ECF No. 153.

/s/ William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[3]

---

[3] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents.  Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 43 years.

[17]